RECEIVED
IN LAKE CHARLES, LA
OCT - 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| TIMOTHY BRADFORD | CIVIL ACTION NO. 06-1291 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on July 28, 2006 by *pro se* petitioner Timothy Bradford. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana where he is serving hard labor sentences imposed following his 1996 conviction for aggravated battery and his 1998 conviction for possession with intent to distribute marijuana in Louisiana's Thirty-Sixth Judicial District Court, Beauregard Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

The petition, its accompanying memorandum and exhibits, along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant chronology:

Prior to March 15, 1996 petitioner was charged with aggravated battery, illegal use of

weapons and conspiracy to commit aggravated battery in the matter entitled *State of Louisiana v. Timothy Bradford*, 36th Judicial District Court, Docket No. CR 97-96. On that date, and, pursuant to a plea agreement, petitioner pled guilty to aggravated battery. In return for this plea, the State agreed to dismiss the remaining charges. The State also agreed to recommend a suspended sentence of seven years and supervised probation for a period of five years under the usual conditions of probation as provided by Louisiana law and with some special conditions of probation. [doc. 1-3, pp. 2-11]. Thereafter, on April 4, 1996, the court imposed the sentence agreed to in the plea agreement. [*id.*, pp. 12-17]. Petitioner did not appeal his conviction or sentence. [doc. 1-1, paragraph 8].

On or about April 1, 1997, petitioner was charged with possession with intent to distribute marijuana in the matter entitled *State of Louisiana v. Timothy Bradford*, 36th Judicial District Court, Docket No. CR-458-97. On or about May 20, 1998 petitioner was convicted of possession with intent to distribute marijuana. On September 24, 1998 petitioner was adjudicated an habitual offender (La. R.S.15:529.1) and sentenced to serve 20 years at hard labor. On the same date, the probation in No. CR 97-96 was revoked and the 7 year sentence suspended sentence was ordered to be served consecutive to the 20 year sentence.[1]

Petitioner apparently appealed his conviction in Docket No. CR-458-97 to the Third Circuit Court of Appeals. On November 3, 1999 his conviction was affirmed. See *State of Louisiana v. Timothy Bradford*, 1999-00275 (La. App. 3 Cir. 11/3/99), 752 So.2d 993 (Table).

He apparently did not seek further direct review by filing a writ application in Louisiana's

---

[1] Petitioner attacked this drug conviction in a petition for writ of *habeas corpus* filed in this court as *Timothy Bradford v. Warden*, No. 2:03-cv-1899. In conjunction with that filing, petitioner filed court minutes from the matter entitled *State of Louisiana v. Timothy Bradford*, 36th Judicial District Court, Docket Number CR 458-97, and those court minutes provide the information cited. [see 2:03-cv-1899 at doc. 1, pp. 24-27]

Supreme Court. Instead, on September 25, 2000 he filed an Application for Post-Conviction Relief in the district court raising a claim of ineffective assistance of counsel. His Application was denied on June 11, 2001. [*Bradford v. Warden*, No. 2:03-cv-01899 at doc., pp. 12-13]. He sought writs in the Third Circuit, and on August 8, 2001 that court denied writs. *State of Louisiana v. Timothy D. Bradford*, No. KH-01-01032 (La. App. 3 Cir. 11/21/2001). [*Bradford v. Warden*, doc. 1, p. 41]. His subsequent writ application in the Louisiana Supreme Court was denied on March 14, 2003. *State of Louisiana ex rel. Timothy D. Bradford v. State of Louisiana*, 2002-0228 (La. 3/14/2003), 839 So.2d 24.

On July 11, 2005 petitioner filed a Motion to Vacate and Set Aside an Illegal Sentence in the 36th Judicial District Court under Docket Number CR 97-96. In that motion petitioner argued that the suspended sentence imposed following his guilty plea was illegal "because the imposition of probation for a conviction for a crime of violence is contrary and opposite to the provisions of La. C.Cr.P. art. 893, and, is therefore illegal and must be vacated and set aside." [doc. 1-3, pp. 19-20] On July 22, 2005 his motion was denied. [doc. 1-3, p. 18]. On August 1, 2005 petitioner filed a Notice of Intent to seek writs. [doc. 1-3, p. 25]. On August 19, 2005 he filed his writ application in the Third Circuit within the time limits fixed by the trial court judge. [doc. 1-3, pp. 26-40]. Petitioner again argued a single claim for relief,

> The trial court committed reversible error by imposing a sentence of probation for aggravated battery, which is defined by Louisiana Law as a crime of violence; in particular, the trial Court was not authorized or directed by law to impose probation for a crime of violence; and as such, the sentence imposed herein is totally illegal and unconstitutional and must be vacated and set aside. [doc. 1-3, p. 34].

On August 23, 2005, the Third Circuit Court of Appeals denied writs finding in pertinent part,

> The trial court imposed an illegal sentence when it suspended Relator's seven year sentence for the conviction of aggravated battery . . . Louisiana Code of Criminal Procedure Article 893 prohibits the trial court from suspending the sentence of a conviction for a crime of violence and aggravated battery is defined as such. See La. R.S.14:2(13). . . . However, this illegal sentence error is moot since the trial court revoked Relator's probation and imposed the original sentence. . . .

*State of Louisiana v. Timothy D. Bradford*, No. KH 05-01107 (La. App. 3 Cir. 10/28/2005). [doc. 1-3, p. 41].

On November 20, 2005 petitioner filed an application for writs in the Louisiana Supreme Court. [doc. 1-3, pp. 42-57]. He again argued a single claim for relief,

> The trial court committed reversible error by imposing a sentence of probation for aggravated battery, which is defined by Louisiana Law as a crime of violence, in particular, the trial court was not authorized or directed by law to impose probation for a crime of violence; and as such, the sentence imposed herein is totally illegal and unconstitutional and must be vacated and set aside. [*id.*, p. 51]

On June 23, 2006 petitioner's writ application was denied. *State ex rel. Timothy Bradford v. State of Louisiana*, 2006-0162 (La. 6/23/2006), 930 So.2d 969.

Petitioner filed his federal *habeas corpus* petition on July 28, 2006 arguing a single claim for relief,

> Trial Court committed reversible error by sentencing petitioner to a term of probation for an offense defined as a crime of violence... The record and evidence presented herein is clear and untenable that Louisiana's Law clearly prohibits all District Court Judges from sentencing a person convicted of a crime of violence to probation; nonetheless, the trial court totally ignored the law and did sentence petitioner to a term of probation for 'aggravated battery' an offense defined as a crime of violence, and the Court of Appeal and the Supreme Court of Louisiana have both turned their head to this grave error. [doc. 1-1, pp 4-5]

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In*

*Re Smith*, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Nevertheless, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence in case number CR 97-96. He was sentenced on April 4, 1996 and therefore his judgment of conviction and sentence became final when the delays for seeking an appeal expired, or on or about April 12, 1996.[3] AEDPA's

---

[2] Petitioner does not suggest that State created impediments prevented the timely filing of this petition; nor does he suggest reliance on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; and, finally, he does not argue that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

effective date was April 24, 1996.[4] Since his conviction became final before the effective date of the AEDPA, his § 2254 petition needed to be filed within one year of AEDPA's effective date, i.e. before April 25, 1997. See *Fisher v. Johnson*, 174 F.3d 710, 712 & n. 3 (5th Cir.1999).

Petitioner cannot rely upon the statutory tolling provisions of § 2244(d)(2) because by the time he filed his first state application for post-conviction relief on September 25, 2000, the limitations period had already expired and could not be revived by the filing of the otherwise timely state post-conviction pleading. See *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Further, even if the date of finality of conviction is reckoned from the date his probation was revoked, his federal *habeas* claims would still be time-barred. In other words, if petitioner appealed the revocation of his probation along with his possession of marijuana conviction, that judgment of conviction became final in December, 1999 thirty days following the Third Circuit's judgment in the matter of *State of Louisiana v. Timothy Bradford*, 1999-00275 (La. App. 3 Cir. 11/3/99), 752 So.2d 993 (Table).[5] Even if it is then assumed that petitioner tolled the limitations period from September 25, 2000 (when he filed his application for post-conviction relief) through March 14, 2003 (when the Louisiana Supreme Court ultimately denied relief ending petitioner's first collateral attack) a period of more than two years thereafter elapsed before petitioner filed his

---

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner sentenced on Thursday, April 4, 1996. The five day delay for filing an appeal commenced on Friday, April 5, and, since Saturday, April 6 and Sunday April 7 were holidays, the period expired on Thursday, April 11, 1996.

[4] See, 1996, Pub.L. 104-132, Title I, §§ 101, 106, 110 Stat. 1217, 1220.

[5] Louisiana Supreme Court Rule X § 5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

July 11, 2005 Motion to Vacate an Illegal Sentence.

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of equitable tolling. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

The circumstances of the instant case are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Equitable tolling should only be applied if the applicant has diligently pursued § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). Petitioner implies that he is entitled to equitable tolling because "...Louisiana's Law, in particular La. C.Cr.P. arts. 872 and 882 are in total conflict with Federal Law ... in that Louisiana's Law (art. 872) sets the prerequisites for a valid and sufficient sentence and does not fix a time limit for challenging the legality of a sentence, while art. 882 allows the correction of an illegal sentence ... at any time. [Neither] of these Articles place a defendant on notice that unless the collateral attack on the sentence is made within one (1) year review by the Federal Courts becomes unavailable..." [doc. 1-1, paragraph 18, p. 11]

Petitioner's argument is unconvincing. Petitioner was neither misled nor prevented from

timely asserting his claims.

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 4, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE